UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DONYELLE WOODS, #271134,

      Petitioner,

v.                                      Case No. 2:09-11455

KENNETH MCKEE,

      Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S JUNE 29, 2009 "MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE," (2) DENYING AS MOOT PETITIONER'S APRIL 17, 2009 "MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE PENDING OUTCOME OF STATE COURT RULING," AND (3) STAYING THE PROCEEDINGS**

Petitioner Donyelle Woods, currently incarcerated at Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner was sentenced as an habitual fourth-offender, Mich. Comp. Laws § 769.12, to life imprisonment for the first-degree murder conviction and two years' imprisonment for the felony-firearm conviction.

Now pending before the Court are two motions filed by Petitioner requesting a stay of these habeas proceedings: (1) Petitioner's April 17, 2009 "Motion to Hold Petition for Writ of Habeas Corpus in Abeyance Pending Outcome of State Court Ruling," and (2) Petitioner's June 29, 2009 "Motion to Hold Petition for Writ of Habeas Corpus Writ in Abeyance."

For the reasons stated below, the court will (1) grant Petitioner's June 29, 2009 motion, (2) deny as moot Petitioner's April 17, 2009 motion, and (3) stay the proceedings.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal, *People v. Woods,* No. 254993, 2005 WL 2372081 (Mich. Ct. App. Sept. 27, 2005), and Petitioner was denied leave to appeal to the Michigan Supreme Court, *People v. Woods*, 711 N.W.2D 318, 319 (Mich. 2006).

Petitioner then filed a motion for relief from judgment in Wayne County Circuit Court alleging claims of: (1) ineffective assistance of counsel for failure to produce an alibi witness; (2) failure to be provided with an impartial jury; (3) violation of the Confrontation Clause; (4) denial of a fair trial due to the late endorsement of a witness who gave unreliable hearsay testimony; (5) a great weight of the evidence claim; (6) prosecutorial misconduct; and (7) cumulative error. Petitioner's motion was denied on December 11, 2006.

Subsequently, Petitioner filed a second, or successive, motion for relief from judgment with the trial court stating that relief should be granted due to newly discovered and exculpatory evidence, including a statement from witness Shaye Renee Taylor. The trial court stated that Petitioner was precluded from filing a successive motion for relief from judgment because he failed to show that there was a "retroactive change in the law that occurred after the first motion or a claim of newly discovered

evidence that was not discovered before the first such motion MCR 6.502(G)(2)." (Pet. Attach., 6/18/07 Order.)

Petitioner sought an appeal with the Michigan Court of Appeals, *People v. Woods,* No. 282365 (Mich. Ct. App. May 12, 2008), and then Petitioner sought leave to appeal to the Michigan Supreme Court, and this was also denied, *People v. Woods*, 762 N.W. 2d 519 (Mich. 2009). On April 15, 2009, Petitioner filed the habeas petition now pending before this court. The habeas petition raises the following claims: (1) actual innocence; (2) double jeopardy; (3) violation of the Eighth Amendment's prohibition on cruel and unusual punishment; (4) prosecutorial misconduct resulting in a violation of Petitioner's Due Process rights; and (5) ineffective assistance of counsel where he failed to present exculpatory evidence at trial.

Contemporaneous to his habeas petition, Petitioner filed a motion to hold the habeas proceedings in abeyance on April 17, 2009 so that Petitioner can exhaust his state court remedies. On June 29, 2009, Plaintiff filed another motion to hold the habeas proceedings in abeyance so that he can exhaust his state court remedies and attached exhibits to the motion. Both motions request a stay of these habeas proceedings based upon negligent testing and examination practices used by the Detroit Police Laboratory with respect to evidence recovered in Petitioner's case and Petitioner's anticipation of newly discovered evidence which he asserts will prove his innocence. The only substantive difference between the two motions is that Petitioner attached two exhibits to the June 29, 2009 motion: (1) a letter from the Wayne County Prosecutor's Office and (2) an exculpatory affidavit from a witness. Petitioner's argument is based upon the submitted exhibits, as both the letter and the affidavit are

3

dated after the trial court's decision on Petitioner's second motion for relief from judgment. The letter Petitioner received from the Wayne County Prosecutor's Office, dated May 26, 2009, states in pertinent part:

> Because of some concerns regarding the Detroit Police Laboratory, the Wayne County Prosecutor's Office is establishing a process to review post-conviction cases and your case has been included in the list of cases that may be reviewed. We currently have no timetable for the completion of our review process.

(6/29/09 Mot., 5/26/09 Attach.) In the July 31, 2007 affidavit, the affiant states that the widow of the deceased admitted to him that she put a "hit" out on the decedent by enlisting two of her partners in the "drug business" to hire someone to murder her husband and that therefore Petitioner is not guilty. (6/29/09 Mot., 7/31/07 Attach.)

Petitioner states that he has now filed another successive motion for relief from judgment, which constitutes Petitioner's third motion for relief from judgment, with the trial court based upon the erroneous and improper practices at the Detroit Police Laboratory and the newly discovered exculpatory evidence which he asserts will be exposed after the Prosecutor's review of Petitioner's case. Petitioner's post-conviction motion remains pending, and he requests that the court hold his habeas petition in abeyance so that he can exhaust any state court remedies available for his new claims.

## II.  STANDARD

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law

provides that a habeas petitioner is entitled to relief only if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). State courts must be given a fair opportunity to rule upon all of a petitioner's habeas claims before he can present those claims in federal court, otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254.

A petitioner satisfies the exhaustion requirement if he invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). A petitioner bears the burden of showing that he has exhausted state court remedies. *Rust*, 17 F.3d at 160.

### III. DISCUSSION

In this case, of the five habeas claims presented, the only one that Petitioner exhausted on direct appeal was Petitioner's claim that he received ineffective assistance of counsel when his attorney failed to present exculpatory evidence at trial.

5

Petitioner raised his prosecutorial misconduct claim in his first motion for relief from judgment and his actual innocence claim in his second motion for relief from judgment.[1]

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, while the Supreme Court authorized district courts to employ this "stay-and-abeyance" procedure, it cautioned them to limit its use to appropriate cases:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State[.]").

544 U.S. at 277. Accordingly, the stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to

---

[1] The Rule 5 Materials have not been filed with the court, nor are they due for filing until December 9, 2009. Therefore, it is not clear whether Petitioner exhausted each of the other claims that have been presented for habeas review. Petitioner's basis for seeking a stay, however, focuses upon the newly discovered evidence surrounding the practices at the Detroit Police Laboratory and the exculpatory evidence Petitioner expects it will find upon reexamining his case.

6

federal habeas actions poses a concern. Stay and abeyance is only appropriate when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.*

To satisfy the requirement that Petitioner exhaust his state court remedies with respect to his new claims, Petitioner must file a post-conviction motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004); *see also Gadomski v. Penico,* 258 F. App'x 781, 783 (6th Cir. 2007). Michigan Court Rule 6.502 permits a petitioner to exhaust his state claims by filing a post-conviction motion for relief from judgment in the state circuit court in which he was convicted. Mich. Ct. R. 6.502; *see also* Mich. Ct. R. 6.503(A)(1).

In his June 29, 2009 motion, Petitioner states that his unexhausted claims were not presented as federal constitutional claims in the state courts because the basis upon which these claims exist is newly discovered evidence. The Michigan Court Rules would ordinarily bar Petitioner from seeking any further state post-conviction because he has already filed two motions for relief from judgment. *See* Mich. Ct. R. 6.502(G)(1) (permitting a defendant to file only one motion for relief from judgment). However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the defendant asserts a claim of newly discovered evidence. Mich. Ct. R. 6.502(G)(2). The exhibits attached to Petitioner's June 29, 2009 motion support Petitioner's allegations of newly discovered factual evidence. Both are also dated following Petitioner's second motion for relief from judgment, which was decided June 18, 2007: the Prosecutor's letter is

7

dated May 25, 2009, and the witness statement is dated July 31, 2007. Petitioner's newly discovered evidence argument appears to have merit, and he also appears to have a further avenue for exhaustion available in state court.

Petitioner's claims do not appear plainly meritless, nor does it appear from the submitted exhibits that Petitioner has engaged in "intentionally dilatory tactics." Therefore, Petitioner has shown the need for a stay, and the court will grant Petitioner's June 29, 2009 motion and hold the habeas petition in abeyance.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the court will impose upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty (60) days from the date of this order. *See id.* Further, Petitioner must ask this Court to lift the stay within sixty (60) days of exhausting his state court remedies. *See id.*; *see also Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003). Finally, "[i]f the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's June 29, 2009 "Motion to Hold Petition for Writ of Habeas Corpus Writ in Abeyance" [Dkt. # 10] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's April 17, 2009 "Motion to Hold Petition for Writ of Habeas Corpus in Abeyance Pending Outcome of State Court Ruling" [Dkt. # 3] is DENIED AS MOOT, and this case is STAYED.  The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within **sixty (60) days** of this order if he has not already done so.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's return to this court with an amended petition, using the same caption and case number, within **sixty (60) days** of exhausting his state court remedies.  Should Petitioner fail to comply with these conditions, his case may be dismissed.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  August 27, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522